SHELBY *v.* HARVEY.*

(Division B. Nov. 19, 1928.)

[118 So. 896. No. 27437.]

*Corpus Juris-Cyc References: Bastards, 7CJ, section 91, p. 981, n. 36.

*H. B. Greaves,* for appellant.

Anderson, J. This proceeding was instituted under the bastardy statute by appellee, the mother of an illegitimate child, against appellant, the alleged father of the illegitimate child, in the court of a justice of the peace of Madison county, to recover of appellant the damages provided by that statute. Appellee recovered a verdict and judgment in the sum of three hundred and ninety-five dollars. From that judgment appellant prosecutes this appeal.

The proceeding was instituted by appellee under sections 268-283, inclusive, Code of 1906 (Hemingway's 1927 Code, sections 222-237, inclusive). The justice of the peace before whom the proceeding was instituted substantially pursued the provisions of the statute. There was an affidavit by appellee, stating that she was a single woman, the mother of a child born out of wedlock, about three months old; that appellant was the father of the child; and that both appellant and appellee were residents of Madison county. Upon that affidavit, the justice of the peace issued a warrant for the arrest of appellant, which was executed and appellant brought before the justice of the peace, who heard the evidence and took the same down in writing. The evidence of each witness was set out separately, and signed by the witness. The justice of the peace rendered a judgment, reciting that the evidence sustained the allegations of the affidavit, and bound appellant over in a bond of five hundred dollars, to the next term of the circuit court of Madison county, to answer the complaint. Such bond was given by the appellant, and approved by the justice of the peace.

What purports to be the entire proceedings before the justice of the peace were by him returned to and filed in the office of the clerk of the circuit court of Madison county, and are copied in the record on this appeal. But the

justice of the peace did not certify the record up to the circuit court, and for that reason, although this question was not raised before the circuit court, so far as the record shows, the appellant contends that the circuit court was without jurisdiction, and that it follows that this court is without jurisdiction, of this appeal, and that that question can be raised in this court for the first time. To sustain that contention, appellant relies on several decisions of this court construing section 83 of the Code of 1906 as amended by chapter 203 of the Laws of 1912 (Hemingway's 1927 Code, section 63), and section 84 of the Code of 1906 (Hemingway's 1927 Code, section 64), which provide for appeals, in civil causes, from the courts of the justices of the peace to the circuit courts, and the manner of certifying the records in such appeals by the justices of the peace up to the circuit courts.

The supreme court has held, in several cases originating in the courts of justices of the peace, that both the circuit courts, to which such cases were appealed, and the supreme court, on appeals from the circuit courts to that court, were without jurisdiction, unless the justices of the peace complied with the statute by certifying up to the circuit courts true copies of the records of the proceedings in such cases in their courts. Appellant argues that the same principle applies here, under the bastardy statute. We think not. Under the bastardy statute the proceeding before justice of the peace is a mere preliminary inquiry. The first section of the statute, section 268 of the Code of 1906 (Hemingway's 1927 Code, section 222), provides as follows:

"When any single woman shall be delivered of a bastard, or being pregnant with a child which, if born alive, would be a bastard, shall make complaint against the father of the child to any justice of the peace of the county where she may be so delivered, or of the county in which such woman or the reputed father may reside, the justice shall issue a warrant for the person accused and

cause him to be brought before such justice forthwith; and upon his appearance the justice shall proceed to question the woman in the presence of the party accused, touching the charge against him; and the examination of the woman and the accused and all witnesses shall be taken down in writing; and if such justice shall think there is probable cause for a complaint, he shall bind the accused, in a bond, with sufficient sureties, in a penalty of not less than five hundred dollars, to appear at the next circuit court, to answer the complaint, and in default of such security may commit the accused; but if the circuit court be in session the appearance of the party and the return of the proceedings shall be to that term. Either party may be represented by counsel, and the court shall have the necessary power to compel the attendance of witnesses; and the justice, in his discretion, may exclude all persons from the court room during the inquiry except the parties and their counsel and the constable, or other officer, and the witnesses being examined.''

And section 270, Code of 1906 (Hemingway's 1927 Code, section 224), is in this language:

''It shall be the duty of the justice, in case the accused shall have been required by him to give bond, or in case he shall discharge the accused, if the woman shall have appealed, to return the proceeding to the circuit court forthwith.''

It will be seen that the justice of the peace renders no final judgment; he finds alone whether there is probable cause for the complaint, and when the case goes up to the circuit court, the justice of the peace is required by the latter section of the statute, above quoted, not to certify a copy of the record of the proceedings in the case up to the circuit court, but ''to return the proceedings to the circuit court forthwith.'' The fourth section of the statute, section 271, Code of 1906 (Hemingway's 1927 Code, section 225), confers jurisdiction alone on the cir-

cuit court to try and determine the cause and render final judgment. That statute provides that in the circuit court the complaining party shall, on or before the first day of the term of the circuit court actually held, or within such time as the court may allow, file a declaration in the cause, and the defendant may plead thereto as in other cases, and the issues shall be made up and tried before a jury. It will be seen, therefore, that the proceeding before the justice of the peace is a mere preliminary inquiry, the main purpose of which appears to be to hold the guilty father of the illegitimate child to await the action of the circuit court, which court alone can render a final judgment. In other words, under the bastardy statute, the jurisdiction of the circuit court is not dependent upon the jurisdiction of the court of the justice of the peace, where the proceeding originated. The jurisdiction of the circuit court is given by the statute. It has original jurisdiction. It is not the ordinary jurisdiction acquired by appeals from the courts of the justices of the peace.

The proceedings before the justice of the peace in this case were all signed by the justice of the peace, and filed in the circuit court. That was sufficient to identify them.

They were returned into the circuit court, and that is all the statute requires. We are of opinion, therefore, that the decisions relied on by appellant, construing the statutes regulating appeals to the circuit courts from the courts of justices of the peace in cases in which the justices of the peace are authorized to render final judgments, have no application here.

We do not think the other questions argued by the appellant are of sufficient gravity to call for discussion by the court. We think they are wholly without merit.

*Affirmed.*